FILED by AT D.C.

ELECTRONIC

Jul 14, 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**14-60159-CR-COHN/SELTZER**

NO. _____
     18 U.S.C. § 371

UNITED STATES OF AMERICA

v.

FRANK PREVE,

        Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Defendant FRANK PREVE (hereinafter referred to as "PREVE") worked as an independent contractor for various companies, including Banyon Capital LLC, Banyon Funding LLC, Banyon 1030-32 LLC, Banyon Investments LLC, Banyon Income Fund, LP, Banyon USVI, LLC, and Banyon Resource LLC (hereinafter collectively referred to as "the Banyon Group").

2. The Banyon Group invested, through attorney Scott W. Rothstein (hereinafter referred to as "Rothstein") and his law firm, Rothstein, Rosenfeldt and Adler, P.A. (hereinafter referred to as "RRA"), in purported confidential settlement agreements between potential plaintiffs and putative defendants in sexual harassment, discrimination, and/or whistle-blower lawsuits, wherein settlements of these claims purportedly had been negotiated prior to the filing of such lawsuits. The Banyon Group, as investors, were informed that the plaintiffs would accept discounted lump-sum payments (upfront rather than a

1

payment stream over time), that the investors would fund the lump-sum payments to the plaintiffs, and that, in exchange, such investors would receive the installment payments due and owing to the plaintiffs from the putative defendants under the terms of the negotiated settlement agreements. The Banyon Group was informed that pools of confidential settlement agreements were available for purchase in amounts ranging from hundreds of thousands of dollars to millions of dollars.

3. The Banyon Group was informed by Rothstein that the amounts due the plaintiffs were paid by the putative defendants into trust accounts at TD Bank, N.A., which were controlled by Rothstein and RRA. Rothstein further represented to the Banyon Group that the funds held in the aforementioned trust accounts would only be utilized to pay legal fees and costs that were part of the original settlement agreement and to pay the Banyon Group upon the Banyon Group's purchase of an assignment,.

4. The Banyon Group secured funding to purchase the confidential settlements by: (a) soliciting investors to invest in the confidential settlement agreements through the Banyon Group, and (b) soliciting lenders to loan funds to the Banyon Group, secured by the confidential settlement agreements.

5. Defendant PREVE assisted the Banyon Group in helping to solicit investors and lenders for certain Banyon Group entities, coordinating the funding of the deals, and facilitating the payouts to investors and lenders for virtually all of the deals for the Banyon Group.

6. Defendant PREVE provided informational assistance in the preparation of a private placement memorandum (hereinafter referred to as "the PPM"), the purpose of which was to inform the investors of the potential risks and rewards of the investment, enabling the investors to make fully-informed decisions as to investing in the confidential settlements through the Banyon Group.

7. The PPM listed essential steps in the investment process, which included: (a) execution of the settlement agreements between the plaintiffs and the putative defendants; and (b) verification by an

independent third party of the unredacted original documents executed by the plaintiffs and the putative defendants.

8. In or about April 2009, Rothstein failed to make a payment through the Banyon Group which was due and owing to a lender group (hereinafter referred to as "the Lender Group"). The Lender Group had made substantial loans to the Banyon Group in order for the Banyon Group to purchase the confidential settlement agreements through interstate wire transfers and other means, and also had agreed to make future loans.

9. In or about April 2009, Rothstein informed the Banyon Group and the Lender Group that the reason that he was having difficulty making payments to the Lender Group was due to the fact that the Lender Group failed to fulfill its obligations to fund the agreed upon additional loans. Rothstein claimed that this lack of funding by the Lender Group to pay upfront lump sums to plaintiffs had caused him to freeze payouts from the trust accounts to prove to the Florida Bar that he was taking remedial measures on behalf of his plaintiff clients. The trust accounts which Rothstein purportedly froze contained the funds due to the Lender Group for prior settlements which had been purchased. In May 2009, Rothstein and the Lender Group reached an agreement as to the future releases of the frozen funds.

10. Defendant PREVE was well aware, from in or about July 2009 through in or about October 2009, that RRA was not providing the Banyon Group with fully executed settlement packages containing purchase and assignment agreements and redacted settlement documents for some of the purported confidential settlement agreement purchase transactions.

11. Defendant PREVE knew that the independent third party was not completing the verification process set forth in the PPM.

12. Defendant PREVE knew that Rothstein had failed to make payments to the Banyon Group

3

and the Lender Group in April 2009.

13. Defendant PREVE knew that Rothstein had purportedly frozen RRA trust accounts maintained at TD Bank containing defendant funds to be paid out to the Banyon Group and the Lender Group.

14. From in or about July 2009 through in or about October 2009, defendant PREVE failed to disclose to potential investors and lenders the facts set forth in paragraphs 10 through 13 set forth above.

## COUNT 1
(Conspiracy to Commit Wire Fraud - 18 U.S.C. § 371)

1. The General Allegations section of this Information is realleged and expressly incorporated herein as if set forth in full.

2. From in or about July 2009 and continuing through in or about November 2009, in Broward County, in the Southern District of Florida and elsewhere, the defendant,

**FRANK PREVE,**

knowingly and willfully combined, conspired, confederated, and agreed with persons known and unknown to the United States Attorney to knowingly and intentionally devise and intend to devise a scheme for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme, to knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343 (Wire Fraud).

## OBJECT OF THE CONSPIRACY

3. The object of the conspiracy was to enrich members of the conspiracy by obtaining investors' and lenders' money for their own benefit and the benefit of others by convincing the investors

4

and lenders through material misrepresentations and omissions to invest in Rothstein's confidential settlement agreements.

## OVERT ACT

In furtherance of the conspiracy and to achieve the object thereof, at least one of the co-conspirators committed or caused to be committed, in the Southern District of Florida, and elsewhere, the following overt act, among others:

4. From in or about July 2009 through in or about October 2009, defendant PREVE caused investors and lenders to pay more than $20,000,000 to the Banyon Group by wire transfer for investments in confidential settlements.

All in violation of Title 18, United States Code, Section 371.

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
JEFFREY N. KAPLAN
ASSISTANT UNITED STATES ATTORNEY

_____
PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY

_____
LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

**FRANK PREVE,**
           **Defendant,**
_____/

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

**Court Division**: (Select One)

   Miami ____    Key West ____
   FTL √    WPB ____    FTP ____

New Defendant(s) ____ Yes ____ No
Number of New Defendants ____
Total number of counts ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   No
   List language and/or dialect

4. This case will take   0   days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)    (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | √ | Petty | |
| II | 6 to 10 days | | Minor | |
| III | 11 to 20 days | | Misdem. | |
| IV | 21 to 60 days | | Felony | √ |
| V | 61 days and over | | | |

6. Has this case been previously filed in this District Court?   **NO**   (Yes or No)
If yes:
Judge: _____    Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter? ____ (Yes or No)
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the District of _____

Is this a potential death penalty case?   **NO**   (Yes or No)

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ____ Yes  √ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ____ Yes  √ No

_____
Lawrence D. LaVecchio
ASSISTANT UNITED STATES ATTORNEY
Court ID No. 0305405

Penalty Sheet(s) attached                                                                   REV 4/8/08

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** **FRANK PREVE**

**Case No:**

**Count #: 1**

  Conspiracy to Commit Wire Fraud

  Title 18, United States Code, Section 371

\* **Max. Penalty**: 5 Years' Imprisonment; $250,000.00 Fine
\*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: FRANK PREVE _____

$250,000 Personal Surety
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: Lawrence D. Lavecchio

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s): _____
(FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE)  (**OTHER**)

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America )<br>v. )<br>FRANK PREVE )<br>)<br>Defendant. ) | Case No.<br>14-60159-CR-COHN/SELTZER |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*